UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HIGH 5 GAMES, LLC, a Delaware Limited Liability Company, f/k/a PTT, LLC,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MARKS, an individual; JOSEPH MASCI, an individual; BRIAN KAVANAUGH, an indivisual; MARKS STUDIOS, LLC, an entity d/b/a GIMME GAMES; ARISTOCRAT TECHNOLOGIES, INC., an entity; ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LIMITED, an entity; ARISTOCRAT LEISURE LIMITED, an entity; PRODUCT MADNESS, INC., an entity; GRANT BOLLING, an individual; JOHN SMITH(s) 1-7; and XYZ COMPANIES 1-7,<br><br>Defendants/Counterclaim Plaintiffs. | Case No.: 2:13-CV-07161-JMV-MF<br><br>**ORDER & OPINION OF THE SPECIAL MASTER** |

This matter comes before the Special Master upon the Special Master's instruction that each party submit papers with respect to Plaintiff High 5 Games, LLC's request to serve infringement contentions based on the Third Amended Complaint and whether new parties named in the Third Amended Complaint must participate in discovery pending the Court's decision on Defendants' appeal of the Order granting Plaintiff leave to file the Third Amended Complaint and Defendants' motion to dismiss the Third Amended Complaint. After considering the submissions of the parties, based upon the following, it is the opinion of the Special Master that (1) Plaintiff shall serve Infringement Contentions pursuant to Local Patent Rules 3.1 and 3.2 and (2) Defendants' request for a stay as to Infringement Contentions and discovery with respect

1

to the new Third Amended Complaint corporate Defendants pending the Court's decision on the Defendants' motions is denied.

## DISCUSSION

### I. *Infringement Contentions*

New Jersey has adopted Local Patent Rules, which apply to all civil actions alleging infringement of a patent in a complaint, counterclaim, cross-claim or third-party claim, or which seek a declaratory judgment that a patent is not infringed, is invalid or is unenforceable. L. Pat. R. 1.2. The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *TFH Publications, Inc. v. Doskocil Mfg. Co.*, Inc., 705 F.Supp.2d 361, 366 (D.N.J.2010) (citing *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F.Supp.2d 819, 822 (E.D.Tex.2007)). Infringement Contentions are "merely designed to streamline the discovery process." *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F.Supp.2d 754, 755 (E.D.Tex.2004) (citing *Network Caching Tech., LLC v. Novell, Inc.*, No. C–01–2079, 2003 WL 21699799, *4–5 (N.D.Cal. March 21, 2003)).

In accordance with Local Patent Rule 3.1, a patent holder must serve the alleged infringer a "Disclosure of Asserted Claims and Infringement Contentions" ("Infringement Contentions") within 14 days of the initial scheduling conference. The Infringement Contentions must contain: "(1) each claim of each patent in suit that is allegedly infringed; (2) identification of defendant's "Accused Instrumentality"; (3) a chart identifying where each limitation of each asserted claim is found in each "Accused Instrumentality"; (4) whether the alleged infringement is literal or under the doctrine of equivalents; (5) the priority date to which each asserted claim allegedly is entitled; and (6) the basis for any willful infringement claims." L. Pat. R 3.1; *see Elan Pharma*

2

*Intern. Ltd. v. Lupin Ltd.*, Civ. Action No. 09–1008, 2010 WL 1372316, at *3 (D.N.J. March 31, 2010); *Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, No. 2:12-CV-952 DMC-MF, 2012 WL 5818143, at *2 (D.N.J. Nov. 14, 2012).

Pursuant to the New Jersey Patent Rules, the Court may order the amendment of Infringement Contentions "upon a timely application and showing of good cause." L. Pat. R. 3.7. Amendments to infringement contentions are granted upon a showing of good cause and in the absence of prejudice to the adverse party. *See* L. Pat. R. 3.7; *Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, No. 2:12-CV-952 DMC-MF, 2012 WL 5818143, at *7 (D.N.J. Nov. 14, 2012). The party amending has the burden of showing good cause, which includes the burden of showing diligent efforts and the absence of undue prejudice to the other party. *Voxpath RS*, 2012 WL 5818143 at *7.

Plaintiff argues that pursuant to Local Patent Rules 3.1 and 3.2 it is required to serve Infringement Contentions that address the new infringement allegations and named defendants in the Third Amended Complaint. Defendants argue that there is nothing new in the Third Amended Complaint to justify new Infringement Contentions and that under Local Patent Rule 3.7 Plaintiff cannot amend its prior Infringement Contentions without a showing of good cause, which requires proof of diligence on its part.

The Special Master is mindful that he is directed to construe the Local Patent Rules and Federal Rules of Civil Procedure in line with the interests of justice. *See* Fed.R.Civ.P. 1; L. Pat. R. 1.3; *Int'l Dev. LLC v. Richmond*, No. CIV.A. 09-2495 GEB, 2011 WL 149859, at *3 (D.N.J. Jan. 18, 2011). Here, Plaintiff filed its Third Amended Complaint on May 9, 2018. The Third Amended Complaint added four new defendants—Aristocrat Technologies Australia, Pty. Ltd, Aristocrat Leisure Ltd., Product Madness, Inc., and Grant Bollinger. The Third Amended

3

Complaint also added new claims, including indirect infringement claims against pre-existing Defendant Aristocrat Technologies Inc. and Mark Studios LLC. It is the opinion of the Special Master that Local Patent Rules 3.1 and 3.2 require Plaintiff to serve Infringement Contentions against new defendants named in the Third Amended Complaint. Plaintiff must also serve Infringement Contentions for new claims against pre-existing Defendants. This is not an instance where Plaintiff is seeking to amend Infringement Contentions thus Plaintiff need not demonstrate good cause and the absence of undue prejudice pursuant to Local patent Rule 3.7. The Special Master does not believe that the Third Amended Complaint is merely a non-substantive change that will have no effect on the infringement issues. *See Wyeth v. Abbott Labs.*, No. CIV.A. 09-4850 JAP, 2011 WL 4369028, at *3 (D.N.J. Sept. 16, 2011)

## *II.   Stay of the Proceedings*

Pursuant to Federal Rule of Civil Procedure 26(c), the Court may stay discovery only on a showing of "good cause" by the party requesting the stay. *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. Dec. 11, 2007). "[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir.1982); *see also Coyle v. Hornell Brewing Co.*, No. 08–2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) ("In discovery disputes, the Magistrate Judge exercises broad discretion and is entitled to great deference.") (citations omitted); *Chamales*, 247 F.R.D. at 454 ("Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion.") (citations omitted). However, "[m]otions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary

litigation expenses and problems." *Coyle*, 2009 WL 1652399, at *3 (internal citations and quotation marks omitted).

In *Landis v. N. Am. Co.*, 299 U.S. 248 (1936), the Supreme Court set forth the standard for a stay of proceedings and found that, the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay ... will work damage to [someone] else." *Id.* at 255. The power to stay proceedings "calls for the exercise of judgment, which must weigh competing interests" and "balance" the hardships with respect to the movant and non-movant. *Id.* at 254–55; *see Gold v. Johns–Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir.1983) (balancing the potential hardship with respect to both parties). Thereafter, numerous courts further delineated the requisite showing with respect to "hardship or inequity[,]" *see, e.g., Cima Labs, Inc. v. Actavis Group HF*, Nos. 07–893, 06–1970, 06–1999, 2007 WL 1672229, at *8 (D.N.J. June 7, 2007), and further adapted the approach to reflect the additional considerations that arise where a stay is sought pending resolution of a dispositive motion. *See Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (recognizing that "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where" resolution of the motion would render discovery futile).

Consequently, courts generally weigh a number of factors in determining whether to grant a stay including: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party[,]" *Cima Labs*, 2007 WL 1672229, at *8 (citing *Motson v. Franklin Covey Co.*, No. 03–1067, 2005 WL 3465664, at *1 (D.N.J. Dec. 16, 2005)); (2) whether denial of the stay would create "'a clear case of hardship or inequity'" for the moving party, *Hertz Corp. v. The Gator Corp.*, 250 F.Supp.2d 421, 424 (D.N.J. 2003) (quoting *Gold*, 723 F.2d at 1075–76); (3) "whether a stay would simplify the issues and the trial of the case[,]" *Cima*

5

Labs, 2007 WL 1672229, at *8 (citing *Motson*, 2005 WL 3465664, at *1); and (4) "whether discovery is complete and/or a trial date has been set." *Id.* Moreover, if a dispositive motion is pending, courts further consider whether the pending dispositive motion "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law[,]" *Victor v. Huber*, No. 12-282, 2012 WL 2564841, at *2 (M.D.Pa. July 2, 2012) (internal quotations and citations omitted), in assessing "whether a stay would simplify the issues and the trial of the case [.]" *Cima Labs*, 2007 WL 1672229, at *8 (citing *Motson*, 2005 WL 3465664, at *1). However, it is well settled that "the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *Gerald Chamales*, 247 F.R.D. at 454 (internal citations omitted).

Defendants argue that this dispute should be held in abeyance because Defendants have alerted Plaintiff that unless resolved by meet-and-confer, Defendants will move to stay the patent claims pending resolution of a newly instituted Inter Partes Review of the validity of the subject patent. Defendants believe that until the Court decides Defendants' motion to stay, it is premature to include in the scheduling order new proceedings concerning the subject patent under the Local Patent Rules. Defendants also argue that there is no reason to involve the new Third Amended Complaint corporate Defendants in discovery while the appeal to Judge Vasquez of the Order granting Plaintiff leave to file the Third Amended Complaint and the motion to dismiss are pending.

Plaintiff argues that the new Third Amended Complaint Defendants' refusal to participate in discovery during the pendency of the motions is contrary to the law and inconsistent with prior proceedings in the case. Plaintiff further argues that this case has been pending for years and

Defendants' refusal to participate in discovery jeopardizes Plaintiff's ability to gather evidence to prove its case.

Upon a balancing of the appropriate factors, the Special Master does not find the requisite good cause necessary for a stay as to new infringement contentions. Additionally, the Special Master will not stay discovery with respect to the new Third Amended Complaint corporate Defendants pending the Court's decision on the Defendants' motions. Delay in resolving the Defendants' dispositive motion does not, without more, establish that undue prejudice will result from issuance of a stay. *Actelion Pharm. Ltd. v. Apotex Inc.*, No. CIV. 12-5743 NLH/AMD, 2013 WL 5524078, at *4 (D.N.J. Sept. 6, 2013). This case has been pending for too long without adequate progression.

_____
DENNIS M. CAVANAUGH, U.S.D.J. (Ret.)
Special Master

Date: September 14, 2018