UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HIGH 5 GAMES, LLC, a Delaware Limited Liability Company, f/k/a PTT, LLC,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>DANIEL MARKS, an individual; JOSEPH MASCI, an individual; BRIAN KAVANAGH, an indivisual; MARKS STUDIOS, LLC, an entity d/b/a GIMME GAMES; ARISTOCRAT TECHNOLOGIES, INC., an entity; ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LIMITED, an entity; ARISTOCRAT LEISURE LIMITED, an entity; PRODUCT MADNESS, INC., an entity; GRANT BOLLING, an individual; JOHN SMITH(s) 1-7; and XYZ COMPANIES 1-7,<br><br>Defendants/Counterclaim Plaintiffs. | Case No.: 2:13-CV-07161-JMV-MF<br><br>**ORDER & OPINION OF THE SPECIAL MASTER** |

This matter comes before the Special Master upon the motion of defendants Daniel Marks, Joseph Masci, Brain Kavanagh, Grant Bolling, Marks Studios, LLC ("Marks Studios"), Aristocrat Technologies, Inc. ("ATI"), Aristocrat Technologies Australia Pty Ltd. ("ATA"), Aristocrat Leisure Limited ("ALL"), and Product Madness, Inc. ("Product Madness")(collectively, "Defendants") to compel Plaintiff High 5 Games, LLC ("H5G") to produce documents pursuant to Interrogatory No. 36 or to preclude H5G from later relying on those documents. After considering the submissions of the parties, based upon the following, it is the opinion of the Special Master that Defendants' motion is **DENIED**.

1

## DISCUSSION

### I. Arguments of the Parties

Defendants request that H5G be directed to produce any remaining documents by a date certain or be precluded from offering documents beyond those identified in its response to Interrogatory No. 36. Defendants argue that for months H5G has declined to answer specific questions whether it possesses certain documents that it was required to identify in response to Interrogatory No. 36. Defendants argue that if H5G can identify particular documents, such as the H5G math model that corresponds to MM1 and MM2, it should supplement its production immediately. Alternatively, Defendants argue that if H5G is prepared to stand by the completeness of its response to Interrogatory No. 36, it should be precluded from later presenting any such documents responsive to the request at trial or for any other purpose in this action.

Defendants point to Fed. R. Civ. P. 37(b)(2)(A) and argue that while no sanction is yet called for, if H5G fails to produce documents now, these factors would support preclusion. Defendants argue that given the claimed importance of the allegedly misappropriated documents and H5G's refusal to respond to Defendants' requests to identify or produce other materials supposedly originating from H5G, there either are no more documents (which the record should reflect) or H5G's concealment of the documents is deliberate. Defendants argue that no other remedy can reasonably protect them because the key to their defense is the ability to compare certain documents in a specific Defendant's possession with the documents H5G claims originated with H5G.

H5G maintains that it is complying with its discovery obligations. H5G argues that in response to Interrogatory No. 36 it provided the identification of exemplar documents it produced containing H5G proprietary information that it has found in Defendants' production.

2

H5G further argues that it has provided a fulsome response to Interrogatory No. 24, which outlines Defendants' trade secret misappropriation and identifies numerous documents Defendants' produced that originated at H5G and that may be used during depositions.

H5G points to the fact that discovery is ongoing and that Defendants have produced over 2.2 million documents in this matter. H5G maintains that it thus continues to identify additional documents in Defendants' possession that Defendants have stolen. H5G argues that it has continuously been supplementing its discovery responses as required under Fed. R. Civ. P. 26. Moreover, H5G argues that considering it expects to uncover evidence during depositions relevant to Defendants' misappropriation, it would prejudice H5G to be limited to its interrogatory responses at this time. H5G further argues that Defendants have not established that there is any discovery order relevant to H5G's response to Defendants' Interrogatory No. 36 and thus H5G cannot be sanctioned because it cannot be found to have failed to comply with any discovery order.

**Opinion**

The Special Master will not order H5G to produce documents responsive to Interrogatory No. 36 by a date certain or preclude H5G from later relying on documents it may subsequently identify. According to H5G, it has provided a fulsome response to Interrogatory No. 36 and it will continue to supplement its response as required by Fed. R. Civ. P. 26. Discovery is ongoing in this matter and since H5G has represented that it has provided complete response to Interrogatory No. 36 with the information it has at this time, the Special Master cannot compel H5G to produce information it does not currently possess. To the extent Defendants argue that H5G should be precluded from relying on additional documents identified in the future, the Special Master notes that discovery is ongoing and that H5G is required to supplement its

responses pursuant to Fed. R. Civ. P. 26. Accordingly, at this time it would be inappropriate for the Special Master to preclude H5G from offering documents beyond those identified in its response to Interrogatory No. 36. Sanctions are also improper at this time as H5G has not violated any discovery order. Accordingly, Defendants' motion is denied.

**DENNIS M. CAVANAUGH, U.S.D.J. (Ret.)**
**Special Master**

Date: September 20, 2019